[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff herein, a landlord, entered into a lease indenture with the defendant, which agreement was dated August 21, 1987 for a period of two years from September 1, 1987 to August 31, 1989.
The parties hereto have stipulated to the existence and execution of said lease and that demand for payment has been duly made by the plaintiff. The requested relief on the plaintiff's part for attorney's fees under the Unfair Trade Practices Act was withdrawn at trial. It was further stipulated that the defendant held over the stipulated period of the lease and continued to occupy a part of the premises for which the rent was $800 a month for a period of four months as such that the rental thereunder in the amount of $3,200 has not been paid. This figure is subject to a credit of $1,000 on account of the security deposit so that the net figure due for the hold over period that has not been paid is $2,200.
At trial the defendant orally amended their answer such that the allegations of the complaint are essentially admitted. He filed a special defense and cross complaint to which the plaintiff has filed a reply of denial.
CT Page 9435 The points of contention relate to a claim by the plaintiff landlord that pursuant to an agreement between himself and the defendant lessee, that since the lessee had been rather consistently late with his payments under the lease the landlord was incurring late charges in the amount of $75.00 per month on his underlying mortgage for the owned premises. The plaintiff claims that the defendant lessee agreed to pay said charges and the court finds that in fact there was an oral agreement entered into between the parties and that in fact the defendant did so pay several months late charges to the plaintiff. There is due and owing to the plaintiff at this time the sum of $225.00 which represents the months of July, August and September 1989 when the defendant's rental payments were late and the landlord incurred a late charge on his own mortgage.
When the defendant lessee finally quit the premises the defendant left behind two boats, a trailer, an old truck and some miscellaneous debris which remain stored on the premises of the plaintiff. The court heard the contested claims of the parties with respect to this and finds that the plaintiff did not enter into any agreement, oral or written with the defendant authorizing him to store his personal property on the plaintiff's premises. The truck remained on the property for 101 days and the two boats remained on the premises for a period of 78 days. The plaintiff claims $12.00 per day storage for each item for a total $3,084. The court is cognizant of the testimony of the plaintiff and his opinion in connection with reasonable storage rates in the Old Saybrook area but finds that in view of the circumstances of this particular case including the overall monthly rental for the entire premises as agreed to in the lease that charge of $6.00 a day for the storage of the vehicle and $4.00 a day for the storage of each of the boats is reasonable under the circumstances. Accordingly the courts finds that for a use and occupancy of part of the premises and reasonable storing charges there is due and owing from the defendant to the plaintiff the sum of $1,230.
In the counterclaim of the defendant, he claimed that pursuant to an oral agreement with the landlord plaintiff, there is owing to him the sum of $850.93 for the installation of carpeting in the premises and miscellaneous charges for changing the locks and fixing of a fence that was struck by an automobile in the amount of $121.53. CT Page 9436
The landlord testified that he was in the contracting business himself and had he known these services were required would have performed them himself and knew nothing of some of these claims until after this lawsuit was brought. The court finds in favor of the plaintiff in connection with these claims.
Under the terms of the lease the plaintiff is entitled to attorney's fees and the court awards therefor to the plaintiff the sum of $330.[1]
Judgment is entered in favor of the plaintiff on the complaint to recover of the defendant the sum of $3,430 plus attorney's fees in the amount of $330 or a total of $3,760. Judgment is entered on the counter claim in favor of the plaintiff.
It is so ordered.
HIGGINS, J.
Judgment Entered in Accordance with Foregoing Memorandum of Decision.
Michael Kokoszka, Chief Clerk
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 9448